# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

NIKOLAOS BOSCARINO,

        Petitioner,      :    Case No. 3:15-cv-72

- vs -                         District Judge Walter Herbert Rice
                                    Magistrate Judge Michael R. Merz

ERNIE MOORE, Warden,
 Lebanon Correctional Institution,

                                         :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 11) to the Magistrate Judge's Report and Recommendations recommending dismissal and denial of a certificate of appealability (the "Report," Doc. No. 10).  District Judge Rice has recommitted the case for reconsideration in light of the Objections (Doc. No. 12).

Boscarino pleads the following grounds for relief:

> **Ground One**:  The prejudicial effect of allowing evidence regarding Petitioner's history as a Mixed Martial Arts fighter denied Petitioner his right to a fair trial.
>
> **Supporting Facts:**  1) Petitioner's counsel filed a motion in limine in the trial court seeking to exclude this evidence due to its prejudicial effect; 2) the trial court overruled the motion in limine and admitted the evidence; 3) the trial court instructed the jury during voir dire that "Defendant is a mixed martial arts fighter"; 4) An investigating officer testified about finding several cards in Petitioner's wallet identifying him as a mixed martial arts fighter, and about doing internet research confirming that Petitioner was a mixed martial arts fighter; 5) The prosecutor mentioned that Petitioner was a mixed martial arts fighter twice during his closing

1

argument; 6) No evidence was presented regarding Petitioner's training, experience, or record as a mixed martial arts fighter.

**Ground Two:** Petitioner's trial counsel provided ineffective assistance due to his failure to renew the objection at trial to evidence regarding Petitioner's history as a mixed martial arts fighter.

**Supporting Facts:** 1) Petitioner's counsel filed a motion in limine in the trial court seeking to exclude this evidence due to its prejudicial effect; 2) the trial court overruled the motion in limine and admitted the evidence; 3) the trial court instructed the jury during voir dire that "Defendant is a mixed martial arts fighter"; 4) An investigating officer testified about finding several cards in Petitioner's wallet identifying him as a mixed martial arts fighter, and about doing internet research confirming that Petitioner was a mixed martial arts fighter; 5) The prosecutor mentioned that Petitioner was a mixed martial arts fighter twice during his closing argument; 6) Petitioner's trial counsel failed to object to any of these references or testimony, thus waiving the issue for any direct appeal, and forcing Petitioner's appellate counsel and current counsel to assert ineffective assistance of counsel.

**Ground Three:** The evidence presented at trial was insufficient to support Petitioner's conviction.

**Supporting Facts:** 1) No witness was able to testify as to the cause of Officer's Smith's injury to the back of his head, 2) Off. Smith had no idea how he injured the back of his head, 3) Off. Smith's injuries are attributable to other, previous injuries, 4) The State was required to prove Petitioner knowingly caused serious physical injury to Off. Smith, 5) Because no evidence was presented as to the cause of Off. Smith's concussion to the back of his head, the State failed to meet its burden beyond a reasonable doubt.

(Petition, Doc. No. 1.)

# Analysis

**Ground One:  Prejudicial Admission of Boscarino's Mixed Martial Arts ("MMA") Status**

In his First Ground for Relief, Boscarino asserts he was denied a fair trial when the trial judge allowed the jury to learn in several different ways that he was a mixed martial arts fighter (Brief in Support of Petition, Doc. No. 2, PageID 24-29).

The Report concluded that Boscarino had procedurally defaulted on this claim because (1) his trial attorney did not object on any of the three occasions when this fact was mentioned during trial and (2) admission of the evidence was not raised as an assignment of error on appeal (Report, Doc. No. 10, PageID 1478-85).

Boscarino attempts to excuse the lack of contemporaneous objection by claiming it was ineffective assistance of trial counsel not to make those objections.  Ineffective assistance of counsel can excuse a procedural default, but that claim must be presented in the first instance to the state courts.  *Edwards v. Carpenter*, 529 U.S. 446 (2000).  Boscarino did so as his Third Assignment of Error on direct appeal.  The Second District Court of Appeals found that the evidence was relevant to the charges made and therefore it was not ineffective assistance of trial counsel to fail to object.  *State v. Boscarino*, 2014-Ohio-1858, ¶¶ 19-23, 2014 Ohio App. LEXIS 1819 (2nd Dist. May 2, 2014)(quoted verbatim in the Report, Doc. No. 10, at PageID 1482-84).

A habeas court confronted with an ineffective assistance of counsel claim that has been decided on the merits in the state courts must give two levels of deference, one to the lawyer whose conduct is in question and one to the state courts that evaluated that performance.  *Burt v. Titlow*, 134 S. Ct. 10, 15-16 (2013), *citing Harrington v. Richter*, 562 U.S. 86, 105 (2011).  The

3

Second District's reasoning that it cannot be deficient performance to fail to object to admissible evidence is perfectly compatible with *Strickland v. Washington,* 466 U.S. 668 (1984).

Not only did Boscarino default by failing to make contemporaneous objections at trial, his new counsel on appeal also failed to raise the issue on appeal.  The Report also found that procedural default was unexcused and indeed Boscarino never filed an Application under Ohio App. R. 26(b) to raise that claim.

Boscarino spends four pages of his Objections discussing the merits of this claim – explaining why this evidence was so prejudicial (Doc. No. 11, PageID 1498-1501).  He criticizes the Report for only spending three sentences on the merits.  *Id.*  at 1498.  But a habeas corpus court cannot consider the merits of a procedurally defaulted claim, and Boscarino's First Ground for Relief was defaulted in both the trial and appellate courts.

**Ground Two:  Ineffective Assistance of Trial Counsel**

In his Second Ground Boscarino asserts his trial attorney was ineffective for failing to make the objections to his mixed martial arts status at trial.  The Report rejects this claim because the Second District found the evidence was admissible and, as noted above, there can be no deficient performance in failing to object to admissible evidence.

In this second part of the Objections, Boscarino argues again that the evidence was not admissible.  The Report notes that questions of admissibility of evidence do not rise to the level of constitutional claims unless the admitted evidence was so prejudicial as to deprive a defendant of a fair trial.  *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988);  *Walker v. Engle,* 703 F.2d 959, 962 (6th Cir. 1983);   *Bell v. Arn,* 536 F.2d 123 (6th Cir. 1976); *Burks v. Egeler*, 512 F.2d

221, 223 (6th Cir. 1975).

Boscarino accepts this rule as a matter of principle, but argues this particular evidence did deny him a fair trial. He cites *Bugh v. Mitchell,* 329 F.3d 496 (6th Cir. 2003), but in that case the Sixth Circuit held that even prior bad acts evidence did not rise to a constitutional level. He also cites *Hodge v. Hurley*, 426 F.3d 368 (6th Cir. 1975), but that case involved prosecutorial misconduct and not the admission of allegedly irrelevant evidence. "Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000),*quoting Montana v. Egelhoff*, 518 U.S. 37, 43 (1996). The Supreme Court has defined very narrowly the category of infractions that violate fundamental fairness. *Bey v. Bagley*, 500 F.3d 514 (6th Cir. 2007), *citing Dowling v. United States*, 493 U.S. 342, 352 (1990).

Also in his Objections on Ground Two, Boscarino argues two completely new instances of alleged ineffective assistance of trial counsel: (1) failure to present the defense of "excited delirium" and (2) failure to claim Boscarino's punching Officer Smith was the result of his "flail[ing] about" after being Tased (Objections, Doc. No. 11, PageID 1502). These claims of ineffective assistance of trial counsel were never raised in the state courts nor are they pled in the Petition (See Doc. No. 1, PageID 7). They were not raised in the Reply and Petitioner never sought to amend to add them, so they were not considered in the Report.

> [W]hile the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. See *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater,* 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed

5

>    waived")); see also *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988); *Anna Ready Mix, Inc. v. N.E. Pierson Constr. Co., Inc.*, 747 F. Supp. 1299, 1302-03 (S.D. Ill. 1990).

*Murr v. United States,* 200 F.3d 895, 902 (6th Cir. 2000).

The Objections on Ground Two are unpersuasive.

**Ground Three: Insufficient Evidence**

Boscarino's Third Ground for Relief is that he was convicted on insufficient evidence.

The Report cites the general standard for such claims adopted in *Jackson v. Virginia*, 443 U.S. 307 (1979), and the double deference owed to the trial jury and state court of appeals when these claims have been decided on the merits in state court (Report, Doc. No. 10, PageID 1485-87). It then quotes at length the Second District's analysis of the evidence. *Id.* at PageID 1487-91.

In his Objections Boscarino does not seem to question that there was sufficient evidence to show he struck Officer Smith repeatedly, twice when he was standing and once after he had been knocked down. While the "serious physical injury" element was contested at trial, Boscarino does not now seem to claim there was insufficient evidence to prove that element. Instead he now says that without the mixed martial arts evidence "there is no evidence that Mr. Boscarino knowingly caused serious harm to Officer Smith." (Objections, Doc. No. 11, PageID 1504.) That is just not so. As the Court of Appeals found, Smith watched Boscarino urinate in public and told him he was going to issue a citation.

>    When Smith attempted to escort Boscarino to his police cruiser, Boscarino adopted a fighting stance. Smith stepped back, pulled

6

> out his taser, and warned Boscarino to cooperate. Boscarino responded by putting his hands down and appearing to relax. As Smith was putting his taser away, however, Boscarino punched him twice in the face. The blows knocked Smith to the ground. Eyewitness Nicholas Folan then saw Boscarino lean over and deliver a "vicious" blow to Smith's head as he lay on the concrete.

*State v. Boscarino, supra*, ¶ 4. The mixed martial arts evidence was not necessary, given this testimony, to prove that Boscarino acted knowingly and that he caused serious physical harm. But even if the mixed martial arts evidence were necessary, it was admitted and heard by the jury, so the evidence was not somehow insufficient for omitting it.

Boscarino's Third Ground for Relief is without merit.

**Conclusion**

Having reviewed the case in light of the Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 1, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).