IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NIKOLAOS BOSCARINO,

    Petitioner,

v.

ERNIE MOORE, Warden,
Lebanon Correctional Institution,

    Respondent.

:
:
:
:

Case No. 3:15-cv-72

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #10) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #13); OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. ##11, 14); DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE (DOC. #1); JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; TERMINATION ENTRY

---

Based on the reasoning and citations of authority set forth by United States Magistrate Judge Michael R. Merz, in his June 1, 2015, Report and Recommendations, Doc. #10, and in his July 1, 2015, Supplemental Report and Recommendations, Doc. #13, as well as on a thorough *de novo* review of this Court's case file and the applicable law, the Court ADOPTS said judicial filings in their entirety. Petitioner's Objections to those judicial filings, Docs. ##11, 14, are OVERRULED.

Petitioner Nikolaos Boscarino was convicted of felonious assault on a peace officer, after a jury found that he knowingly caused serious physical harm to Dayton police officer, Donnie Smith. Each of the three Grounds for Relief centers on evidence presented at trial concerning Petitioner's status as a licensed mixed-martial-arts fighter. In Ground One, Petitioner argues that the prejudicial effect of this evidence denied him a fair trial. In Ground Two, he argues that trial counsel was ineffective in failing to renew an objection to the introduction of this evidence. In Ground Three, Petitioner alleges that the evidence was insufficient to support his conviction.

In analyzing Petitioner's ineffective-assistance-of-counsel claim on direct appeal, the Second District Court of Appeals noted that, under *Strickland v. Washington*, 466 U.S. 668 (1984), Petitioner must show both deficient performance of counsel and resulting prejudice. The state appellate court held that "Boscarino's status as a licensed mixed-martial-arts fighter was relevant to his awareness that his punches could inflict serious physical harm." It also held that the trial court reasonably concluded that the probative value of this evidence was not outweighed by the danger of unfair prejudice. Because failure to object to admissible evidence does not constitute deficient performance, the state court overruled Petitioner's assignment of error with respect to this claim. *State v. Boscarino*, 2014-Ohio-1858, at ¶¶22-23, 2014 WL 1779370 (2d Dist. May 2, 2014).

Magistrate Judge Merz concluded that Ground One was procedurally defaulted because, "[i]f there was no deficient performance in failure to object, then there was no ineffective assistance of trial counsel to excuse failing to raise the First Ground for Relief on direct appeal." With respect to Ground Two, he held that the state court's decision on the ineffective-assistance-of-counsel claim was neither contrary to, nor an objectively unreasonable application of *Strickland.* Doc. #10, PageID#1485.

In his Objections to the Supplemental Report and Recommendations, Doc. #14, Petitioner argues that the viability of Grounds One and Two hinges on the issue of whether the introduction of the evidence of his status as a licensed mixed-martial-arts fighter was so prejudicial that it rendered the trial fundamentally unfair. He argues that the introduction of evidence of his license, without any discussion of his training or experience, impermissibly invited the jury to speculate that he "knowingly" caused serious physical harm, a material element of the crime. Citing *State v. Haynes*, 25 Ohio St. 2d 264, 270, 267 N.E.2d 787 (Ohio 1971), he notes that criminal convictions cannot rest on speculation.

This same argument ties into the Third Ground for Relief, in which Petitioner argues that, once the evidence of his mixed-martial-arts license is properly excluded, there is insufficient evidence to support his conviction for "knowingly" causing serious physical injury. Magistrate Judge Merz recommended that this claim be dismissed because the Second District's decision on this issue was

3

neither contrary to nor an objectively unreasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979).

Petitioner's Objections lack merit. As Magistrate Judge Merz correctly noted, state court evidentiary rulings very rarely rise to the level of constitutional due process violations. This one is no exception. As the state court noted, evidence of the mixed-martial-arts license was highly relevant to Boscarino's awareness that his punches were capable of causing serious bodily harm, and the probative value was not outweighed by the danger of unfair prejudice. *Boscarino*, 2014-Ohio-1858, at ¶21.

Petitioner maintains that introduction of this evidence, without any other discussion of his knowledge or actual skills, invited the jury to speculate regarding the *mens rea* element of the crime. Certainly, the jury could have inferred that because Boscarino was licensed, he possessed the knowledge and skill needed to cause serious bodily injury. However, the jury's finding, that Boscarino "knowingly" caused serious bodily injury, was not based solely on this inference.

In reviewing Boscarino's challenge to the sufficiency of the evidence, the state court also pointed to trial testimony indicating that Boscarino punched Officer Smith twice in the face, with enough force that it knocked Smith straight to the ground and immediately rendered him unconscious. An eyewitness then "saw Boscarino lean over and deliver a 'vicious' blow to Smith's head as he lay on the concrete." *Boscarino*, 2014-Ohio-1858, at ¶¶4, 16. With or without evidence of

4

the mixed-martial-arts license, this eyewitness testimony supports a finding that Boscarino "knowingly" caused serious physical harm to Officer Smith.

Under the circumstances presented here, the Court agrees with Magistrate Judge Merz's findings that Ground One is procedurally defaulted, and Grounds Two and Three lack merit. Accordingly, the Petition for a Writ of Habeas Corpus, Doc. #1, is DISMISSED WITH PREJUDICE.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: September 8, 2015

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

5